UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for First Chicago Bank & Trust, <br><br> Plaintiff, <br><br> v. <br><br> SOUTHPORT FINANCING COMPANY LLC; STEVEN DISSE; LET THE GOOD TIMES ROLL, L.L.C.; BLUE BAYOU, L.L.C.; SHEILA HENAGHAN; MICHAEL J. CULLEN; WILLIAM PLATT; NORTH STAR TRUST COMPANY; NORTHBROOK BANK & TRUST COMPANY; THE CITY OF CHICAGO; BLUE BAYOU SOUTHPORT, L.L.C.; B.B. SOUTHPORT, INC.; UNKNOWN OWNERS; and NON-RECORD CLAIMANTS, <br><br> Defendants. | CASE NO. 12-CV-5107 <br><br> Judge Amy J. St. Eve <br> Magistrate Judge Arlander Keys |

STIPULATION AND *JOINT* MOTION FOR
CONSENT FORECLOSURE JUDGMENT AND FINAL DEFAULT JUDGMENT OF FORECLOSURE

INTRODUCTION AND BACKGROUND

1.  3734 Investment, LLC (the "**Acquisition Company**"), as assignee of the Federal Deposit Insurance Corporation, as receiver for First Chicago Bank & Trust and mortgagee (the "**Receiver**"), and Chicago Title Land Trust Company, as successor to North Star Trust Company, successor to Mid Town Bank and Trust Company of Chicago, as Trustee under Trust Agreement dated November 17, 2000 and known as Trust No. 2342 (the "**Land Trustee**"), as defendant and mortgagor, stipulate to, and jointly move for, a judgment of foreclosure by consent against the

property identified in **Exhibit 1** (the "**Property**") under Section 15-1402 of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1402).

2.   The Property is *not* residential property as defined in Section 15-1219 of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1219). The Property is commercial, used for a bar and restaurant.

3.   The Acquisition Company holds two Mortgages against the Property: the Ravenswood Mortgage (described in more detail in Count IV of the complaint (Dkt. 29)) and the North Community Mortgage (described in more detail in Count VIII of the complaint) (collectively, the "**Mortgages**"). The Acquisition Company and Land Trustee request that the judgment granting this motion foreclose *both* Mortgages by consent.

4.   Today the *Ravenswood* Mortgage secures **$1,729,419.17** of debt, composed of:

| Class of Unpaid Debt Secured | Amount |
|---|---|
| Principal | $833,210.57 |
| Regular Interest | $440,305.50 |
| Default Interest | $391,585.20 |
| Late Fees | $64,317.90 |
|  |  |
| Plus *Per Diem* Default Interest After Today | $300.88 |

5. Today the *North Community* Mortgage secures **$237,082.28** of debt, composed of:

| Class of Unpaid Debt Secured | Amount |
|---|---|
| Principal | $85,000.00 |
| Regular Interest | $46,560.66 |
| Default Interest | $61,109.52 |
| Late Fees | $13,075.50 |
| | |
| Plus *Per Diem* Default Interest After Today | $37.02 |

### CONSENT FORECLOSURE

6. The Acquisition Company and the Land Trustee each respectively consent to this court rendering a judgment of foreclosure by consent against the Property. The Acquisition Company and Land Trustee are also submitting a proposed judgment of foreclosure by consent at the same time they file this stipulation and joint motion.

7. In exchange for the Land Trustee stipulating to consent foreclosure against the Property, the Acquisition Company offers to waive any and all right to a personal judgment for mortgage deficiency against all other persons liable for the debt or other obligations secured by either Mortgage or due under the Mortgage Loans (defined in paragraph 77 of the complaint).

8. The Acquisition Company and the Land Trustee request that this court grant this motion for consent foreclosure, thereby transferring title to the Property from the Land Trust to the Acquisition Company.

4448757_6

### EARLIER ORDERS OF DEFAULT AND ANSWERS

9. This court already entered an order of default against: (a) Blue Bayou, L.L.C.; (b) the City (defined in the complaint's preamble); (c) Sheila Henaghan; (d) Let the Good Times Roll, L.L.C.; (e) North Star Trust Company; (f) William Platt; (g) B.B. Southport, Inc.; and (g) Blue Bayou Southport, L.L.C. (Dkt. 64)

10. Defendant Northbrook Bank & Trust Company waived service by appearing in this case and answering the complaint. (Dkts. 40, 41, and 44) Northbrook Bank & Trust also holds a mortgage against the Property (the **"Northbrook Mortgage"**). The Acquisition Company and Northbrook Bank & Trust stipulated that the priority of the Ravenswood Mortgage is senior to the priority of the Northbrook Mortgage. (Dkt. 57) Besides that stipulation, the North Community Mortgage (recorded August 25, 2004) also enjoys priority senior to the Northbrook Mortgage (recorded on January 20, 2011) because of the sequence of recording of each of those two mortgages.

### SERVICE ON, AND DEFAULT BY, UNKNOWN OWNERS AND NON-RECORD CLAIMANTS

11. This court granted the Acquisition Company's motion for substitute service by publication on Unknown Owners of, and Non-Record Claimants against, the Property. (Dkts. 65 and 70). This court ordered the Acquisition Company to publish notice of this case in the *Chicago Daily Law Bulletin* and set June 6, 2013 as the deadline for Unknown Owners and Non-Record Claimants to respond to the complaint.

12. The *Chicago Daily Law Bulletin* published that notice once a week for six consecutive weeks as certified in the Certification of Publication filed before this court. (Dkt. 71) As of filing this stipulation and joint motion, no Unknown Owner, nor any Non-Record Claimant, has filed (or served on the Acquisition Company) any answer or other response to the complaint, and no Unknown Owner or Non-Record Claimant has contacted the Acquisition Company (or counsel to the Acquisition Company) regarding the complaint.

13. The Acquisition Company and the Land Trustee move—under FEDERAL RULE OF CIVIL PROCEDURE 12(a)(1)(A)(i) for an order of default against all Unknown Owners of, and Non-Record Claimants against, the Property (together with the defendants identified in paragraph 9 collectively, the **"Non-Responsive Defendants"**, and the Non-Responsive Defendants together with Northbrook Bank & Trust Company collectively, the **"Foreclosure Defendants"**).

### FINAL DEFAULT JUDGMENT AGAINST NON-RESPONSIVE DEFENDANTS

14. The Acquisition Company and the Land Trustee now move—under Rule 55(b)(2)—for a final default judgment of foreclosure against each respective Non-Responsive Defendant (*excluding* Chicago Title Land Trust Company as successor to North Star Trust Company), foreclosing each of their respective interests in, to, or against the Property.

### REQUEST FOR RELIEF

The Acquisition Company and the Land Trustee *jointly* request that this court render:

- An order granting this motion

- A judgment of consent foreclosure against the Property

- An order of default against each respective Unknown Owner of, and each respective Non-Record Claimant of, any interest in, to, or against the Property

- Final default judgment of foreclosure against each respective Non-Responsive Defendant (*excluding* Chicago Title Land Trust Company)

- A judgment of consent foreclosure transferring the Property to the Acquisition Company free and clear of the respective interests of each Foreclosure Defendant (substantially similar to the proposed judgment that counsel for the Acquisition Company and the Land Trust will submit via e-mail to this court)

- An order granting other relief this court considers just and proper

| | |
|---|---|
| **3734 INVESTMENT LLC**, as assignee of the Federal Deposit Insurance Company, as receiver for First Chicago Bank & Trust | **CHICAGO TITLE LAND TRUST COMPANY,** as successor to North Star Trust Company, successor to Mid Town Bank and Trust Company of Chicago, as Trustee under Trust Agreement dated November 17, 2000 and known as Trust No. 2342 |
| By: /s/ *Joshua Glazov* <br> One of its Attorneys | By: /s/ *Dennis M. Feinberg* <br> One of its Attorneys |
| Joshua Glazov (Atty. #6258029) <br> Lorne T. Saeks (Atty. #06207595) <br> Melisande C. Loeppert (Atty. #6309565) <br> **MUCH SHELIST, P.C.** <br> 191 North Wacker Drive, Suite 1800 <br> Chicago, Illinois 60606-1615 <br> Phone: (312) 521-2000 <br> Fax: (312) 521-2559 <br> E-Mail: jglazov@mushshelist.com <br> lsaeks@muchshelist.com <br> mloeppert@muchshelist.com | Dennis M. Feinberg (Atty. #0784109) <br> 221 North LaSalle Street, Ste. 1100 <br> Chicago, Illinois 60601 <br> Phone: (312) 236-9435 <br> Fax: (312) 220-0004 <br> E-Mail: dfeinberglaw@aol.com |

## Exhibit 1

Legal Description:

> LOT 10 IN BLOCK 2 IN ROOD'S SUBDIVISION OF THE NORTHEAST 1/4 OF THE SOUTHWEST 1/4 OF THE NORTHWEST 1/4 OF SECTION 20, TOWNSHIP 40 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS

Tax identification number:

> 14-20-114-031-0000

Common address of mortgaged real estate:

> 3734 North Southport Avenue, Chicago, Illinois, 60613